Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
JOSE LUIS MARTINEZ FELICIANO, *individually*
*and on behalf of others similarly situated,*

                 *Plaintiff,*

          -against-

JP MAIN STREET CORP. (d/b/a HENDRIKS), J.P.
538 THIRD CORP. (d/b/a HUDSON PLACE),
JACKSON PENG, and STUART LIU,

                *Defendants.*
------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

     Plaintiff Jose Luis Martinez Feliciano, individually and on behalf of others similarly

situated ("Plaintiff Martinez" or "Mr. Martinez"), by and through his attorneys, Michael Faillace

& Associates, P.C., alleges upon information and belief, and as against each of Defendants JP

Main Street Corp. (d/b/a Hendriks), J.P. 538 Third Corp. (d/b/a Hudson Place), ("Defendant

Corporations"), Jackson Peng, and Stuart Liu  (collectively, "Defendants"), as follows:

<u>**NATURE OF ACTION**</u>

     1.     Plaintiff Martinez is a former employee of Defendants JP Main Street Corp. (d/b/a

Hendriks), J.P. 538 Third Corp. (d/b/a Hudson Place), Jackson Peng, and Stuart Liu.

     2.     Hendriks and Hudson Place are/were restaurants located at 557 Third Avenue,

New York, NY 10016 and 538 Third Avenue, New York, NY 10016, respectively.

3.     Upon information and belief, Defendants Jackson Peng and Stuart Liu serve or served as owners, managers, principals or agents of Defendant Corporations and through these corporate entities operate or operated the restaurants.

4.     Plaintiff Martinez is a former employee of Defendants.

5.     Plaintiff Martinez worked as a food preparer and delivery worker at Defendants' restaurants located at 557 Third Avenue, New York, NY 10016 and 538 Third Avenue, New York, NY 10016.

6.     Plaintiff Martinez regularly worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

7.     Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Martinez appropriately for his hours worked, either at the straight rate of pay, or for any additional overtime premium.

8.     Further, Defendants failed to pay Plaintiff Martinez the required "spread of hours" pay for any day in which he worked over 10 hours.

9.     Defendants' conduct extended beyond Plaintiff Martinez to all other similarly situated employees.

10.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Martinez and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.     Plaintiff Martinez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq*., and the "overtime wage order" codified at N.Y. COMP. CODES R. & REGS. Tit. 12 §§ 142-2.2, 2.4 (2006), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6(a) (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.     Plaintiff Martinez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question).  Supplemental jurisdiction over Plaintiff Martinez's state law claims is conferred by 28 U.S.C. § 1367(a).

14.     Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Martinez was employed by Defendants in this district.

## PARTIES

*Plaintiff*

3

15.     Plaintiff Jose Luis Martinez Feliciano ("Plaintiff Martinez" or "Mr. Martinez") is an adult individual residing in Bronx County, New York.

16.     Plaintiff Martinez was employed by Defendants from approximately May 2014 until on or about December 2016.

17.     At all relevant times to this complaint, Plaintiff Martinez was employed by Defendants as a food preparer and delivery worker.

18.     Plaintiff Martinez consents to being a party pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

19.     Defendants own(ed), operate(d), and/or control(led) two restaurants located at 557 Third Avenue, New York, NY 10016 and 538 Third Avenue, New York, NY 10016 under the name "Hendriks" and "Hudson Place" at all times relevant to this complaint.

20.     Upon information and belief, JP Main Street Corp. is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 557 Third Avenue New York, N.Y. 10016.

21.     Upon information and belief, J.P. 538 Third Corp. is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintained its principal place of business at 538 Third Avenue New York, N.Y. 10016.

22.     Defendants Jackson Peng and Stuart Liu are individuals engaging in business within this judicial district during the relevant time period.  Defendants Jackson Peng and Stuart

Liu are sued individually in their capacity as owners, officers and/or agents of Defendant Corporations.

23.    Defendants Jackson Peng and Stuart Liu possess operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or control significant functions of Defendant Corporations.  Defendants Jackson Peng and Stuart Liu determine the wages and compensation of the employees of Defendants, including Plaintiff Martinez, and establish the schedules of the employees, maintain employee records, and have the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

24.    Defendants operate(d) two restaurants located at 557 Third Avenue, New York, NY 10016 and 538 Third Avenue, New York, NY 10016.

25.    Individual defendants Jackson Peng and Stuart Liu possess operational control over Defendant Corporations, possess an ownership interest in Defendant Corporations, and control significant functions of Defendant Corporations.

26.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

27.    Each defendant possessed substantial control over Plaintiff Martinez's (and other similarly situated employees') working conditions, and over the policies and practices with

respect to the employment and compensation of Plaintiff Martinez, and all similarly situated individuals, referred to herein.

28.     Defendants jointly employed Plaintiff Martinez, and all similarly situated individuals, and are Plaintiff Martinez's (and all similarly situated individuals) employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

29.     In the alternative, Defendants constitute a single employer of Plaintiff Martinez and/or similarly situated individuals.

30.     Upon information and belief, individual defendants Jackson Peng and Stuart Liu operate the Defendant Corporations as either alter egos of themselves, and/or fail to operate the Defendant Corporations as legal entities separate and apart from themselves by, among other things:

> (a)     failing to adhere to the corporate formalities necessary to operate the Defendant Corporations as separate and legally distinct entities;
>
> (b)     defectively forming or maintaining the Defendant Corporations by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;
>
> (c)     transferring assets and debts freely as between all Defendants;
>
> (d)     operating the Defendant Corporations for their own benefit as the sole or majority shareholders;
>
> (e)     operating the Defendant Corporations for their own benefit and maintaining control over it as closed corporations or closely controlled entities;

(f)      intermingling assets and debts of their own with the Defendant
         Corporations;

(g)      diminishing and/or transferring assets of the Defendant Corporations to
         protect their own interests; and

(h)      other actions evincing a failure to adhere to the corporate form.

31.     At all relevant times, Defendants were Plaintiff Martinez's employers within the meaning of the FLSA and NYLL.

32.     Defendants had the power to hire and fire Plaintiff Martinez, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Martinez's services.

33.     In each year from 2014 to 2016, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

34.     In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce.  For example, numerous items that were used in the restaurants on a daily basis were produced outside of the State of New York.

*Individual Plaintiff*

35.     Plaintiff Martinez is a former employee of Defendants.

36.     Plaintiff Martinez seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Jose Luis Martinez Feliciano*

37.    Plaintiff Martinez was employed by Defendants from approximately May 2014 until on or about December 2016.

38.    At all relevant times, Plaintiff Martinez was employed by Defendants as a food preparer and delivery worker.

39.    Plaintiff Martinez regularly handled goods in interstate commerce such as cooking supplies.

40.    Plaintiff Martinez's work duties required neither discretion nor independent judgment.

41.    Throughout his employment with Defendants, Plaintiff Martinez regularly worked in excess of 40 hours per week.

42.    From approximately May 2014 until on or about December 2014, Plaintiff Martinez worked from approximately 9:00 a.m. until on or about 8:00 p.m., five days per week at the Hudson Place location (typically 55 hours per week).

43.    From approximately December 2014 until on or about December 2016, Plaintiff Martinez worked from approximately 11:00 a.m. until on or about 9:00 p.m. or 9:40 p.m. four days per week and from approximately 11:00 a.m. until on or about 4:00 p.m. two days per week at the Hendriks location (typically 51.33 hours per week).

44.    From approximately May 2014 until on or about December 2014, Plaintiff Martinez was paid his wages in cash.

45.    From approximately December 2014 until on or about December 2016, Plaintiff Martinez was paid his wages in a combination of cash and check.

46.     From approximately May 2014 until on or about December 2014, Plaintiff Martinez was paid a fixed salary of $890, bi-weekly.

47.     From approximately December 2014 until on or about December 2016, Plaintiff Martinez was paid $8.25 per hour.

48.     In addition, Defendants illegally withheld approximately $100 in tips that customers paid to Plaintiff Martinez.

49.     Defendants did not provide Plaintiff Martinez with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

50.     Plaintiff Martinez was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

51.     Defendants never provided Plaintiff Martinez with a written notice, in English and in Spanish (Plaintiff Martinez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

52.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Martinez regarding overtime and wages under the FLSA and NYLL.

*Defendants' General Employment Practices*

53.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Martinez to work in excess of 40 hours per week without paying him appropriate minimum wage, overtime, and spread of hours compensation, as required by federal and state laws.

54.     As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Martinez by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

55.     Defendants paid Plaintiff Martinez in cash or in a combination of check and cash.

56.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

57.     By employing this practice, Defendants avoided paying Plaintiff Martinez at the minimum wage and at the overtime rate of time and a half for most or all of his hours worked in excess of forty (40) hours per week.

58.     Defendants failed to post required wage and hour posters in the restaurant, and did not provide Plaintiff Martinez with statutorily required wage and hour records or statements of pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Martinez's relative lack of sophistication in wage and hour laws.

59.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Martinez  (and similarly situated individuals) worked, and to avoid paying Plaintiff Martinez  properly for (1) his full hours worked (2) overtime due and (3) spread of hours.

60.     Defendants illegally withheld a portion of the tips that customers paid to Plaintiff Martinez.

61.     Defendants failed to provide Plaintiff Martinez  and other employees with wage statements at the time of their payment of wages, containing: the  dates  of work covered by that

payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

62.     Defendants failed to provide Plaintiff Martinez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language of Spanish, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

63.     Plaintiff Martinez brings his FLSA minimum wage, overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of this Complaint (the "FLSA Class Period"), as employees of Hendriks (the "FLSA Class").

64.     At all relevant times, Plaintiff Martinez  and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage, overtime pay of one and one-half times their regular rates for work in excess of forty (40) hours per workweek under the FLSA, willfully taking improper wage deductions and other improper credits against their wages for which Defendants did not qualify under the FLSA, and willfully failing to keep records required by the FLSA.

65.     The claims of Plaintiff Martinez stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

66.     Plaintiff Martinez repeats and realleges all paragraphs above as though fully set forth herein.

67.     At all times relevant to this action, Defendants were Plaintiff Martinez's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

68.     Defendants had the power to hire and fire Plaintiff Martinez, controlled his terms and conditions of employment, and determined the rate and method of any compensation.

69.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

70.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

71.     Defendants failed to pay Plaintiff Martinez at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

72.     Defendants' failure to pay Plaintiff Martinez at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

73.     Plaintiff Martinez was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

74.      Plaintiff Martinez repeats and realleges all paragraphs above as though fully set forth herein.

75.     At all times relevant to this action, Defendants were Plaintiff Martinez's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Martinez, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment.

76.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

77.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

78.     Defendants, in violation of 29 U.S.C. § 207 (a)(1), failed to pay Plaintiff Martinez overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

79.     Defendants' failure to pay Plaintiff Martinez overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

80.      Plaintiff Martinez was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

81.     Plaintiff Martinez repeats and re-alleges all paragraphs above as though fully set forth herein.

82.     At all times relevant to this action, Defendants were Plaintiff Martinez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Martinez, controlled his terms and conditions of employment, and determined the rates and methods of any compensation in exchange for his employment.

83.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Martinez less than the minimum wage.

84.     Defendants' failure to pay Plaintiff Martinez the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

85.     Plaintiff Martinez was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW)

86.     Plaintiff Martinez repeats and realleges all paragraphs above as though fully set forth herein.

87.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Martinez

overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

88.    Defendants' failure to pay Plaintiff Martinez overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

89.    Plaintiff Martinez was damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

90.    Plaintiff Martinez repeats and realleges all paragraphs above as though fully set forth herein.

91.    Defendants failed to provide Plaintiff Martinez with a written notice, in English and in Spanish (Plaintiff Martinez's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

92.    Defendants are liable to Plaintiff Martinez in the amount of $5,000, together with costs and attorneys' fees.

### SIXTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

93.    Plaintiff Martinez repeats and realleges all paragraphs above as though set forth fully herein.

94.    Defendants did not provide Plaintiff Martinez with wage statements upon each payment of wages, as required by NYLL 195(3).

95.    Defendants are liable to Plaintiff Martinez in the amount of $5,000, together with costs and attorneys' fees.

15

## SEVENTH CAUSE OF ACTION
## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
## OF THE NEW YORK COMISSIONER OF LABOR

96.     Plaintiff Martinez repeats and realleges all paragraphs above as though fully set forth herein.

97.     Defendants failed to pay Plaintiff Martinez  one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Martinez 's spread of hours exceeded ten hours in violation of NYLL §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-1.6.

98.     Defendants' failure to pay Plaintiff Martinez  an additional hour's pay for each day Plaintiff Martinez 's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

99.     Plaintiff Martinez was damaged in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION
## (UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION OF THE NEW YORK LABOR LAW)

100.     Plaintiff Martinez repeats and realleges all paragraphs above as though set forth fully herein.

101.     Defendants unlawfully and without permission from Plaintiff Martinez misappropriated and withheld gratuities paid by customers which should have been retained by Plaintiff Martinez.

102.     Defendants' action violated NYLL §196-d.

103.     Defendants are liable to Plaintiff Martinez in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Martinez respectfully request that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Martinez and the FLSA class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Martinez  and the FLSA class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Martinez's, and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Martinez  and the FLSA class members;

(f)     Awarding Plaintiff Martinez and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g)      Awarding Plaintiff Martinez liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(h)      Awarding Plaintiff Martinez and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(i)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Martinez  and the members of the FLSA Class;

(j)      Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Martinez  and the members of the FLSA Class;

(k)      Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Martinez's, and the FLSA Class members', compensation, hours, wages, and any deductions or credits taken against wages;

(l)      Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Martinez  and the FLSA Class members;

(m)      Declaring that Defendants violated NYLL §196-d.

(n)      Awarding Plaintiff Martinez and the FLSA class members damages for the amount of unpaid minimum wage, spread of hours pay and overtime compensation , as well as damages for any improper deductions or credits taken against wages;

(o)      Awarding Plaintiff Martinez  damages for Defendants' violation of the NYLL

18

notice and recordkeeping provisions, pursuant to NYLL §§ 198(1-b) and 198(1-d);

(p)     Awarding Plaintiff Martinez and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)     Awarding Plaintiff Martinez  and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(r)     Awarding Plaintiff Martinez  and the FLSA class members pre-judgment and post-judgment interest as applicable;

(s)     Awarding Plaintiff Martinez  and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(t)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(u)     All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff Martinez demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
       January 11, 2017

19

MICHAEL FAILLACE & ASSOCIATES, P.C.

_____/s/ Michael Faillace_____

By:   Michael A. Faillace [MF-8436]
      60 East 42nd Street, Suite 2540
      New York, New York 10165
      (212) 317-1200
      *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42ⁿᵈ Street, Suite 2020
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

January 5, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Jose Luis Martinez Feliciano

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                      05 de enero de 2017

*Certified as a minority-owned business in the State of New York*