# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510                                     Telephone: (212) 317-1200
New York, New York 10165                                           Facsimile: (212) 317-1620
_____

michael@faillacelaw.com

August 31, 2017

**VIA ECF**
Hon. Lorna G. Schofield
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:    **Martinez Feliciano et al v. JP Main Street Corp. et al; 17-cv-00212-LGS**

Your Honor:

This office represents Plaintiff in the above referenced matter.  The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions.  A copy of the Agreement is attached hereto as "Exhibit A."  We therefore ask the Court to approve the settlement, pursuant to _Cheeks v. Freeport Pancake House_, Inc., 796 F.3d 199 (2d Cir. 2015), and dismiss the case with prejudice.

## 1.  Background

Plaintiff filed his Complaint against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 _et seq_. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 _et seq._, spread of hours pursuant to the Hospitality Industry Wage Order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the Hospitality Wage Order), and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

Specifically, Plaintiff alleges that he was employed by Defendants at two restaurants called Hendriks and Hudson Place.  During his employment, Plaintiff regularly worked over 40 hours a week, and was incorrectly compensated for both his regular and overtime hours.

Defendants categorically deny the allegations in the Complaint.

## 2.  Settlement Terms

Plaintiff alleges that he is entitled to back wages of approximately $16,211.20. Plaintiff estimates that if he had recovered in full for his claims, he would be entitled to approximately $40,985.66, which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. The parties have agreed to settle this action for the total sum of

_Certified as a minority-owned business in the State of New York_

Page 2

$12,000. A copy of Plaintiff's damages chart, breaking down each amount sought from Defendants, is attached as "Exhibit B."

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were contested factual disputes that went to the heart of Plaintiff's claims.  Specifically, Defendants contested the alleged shifts/hours worked by Plaintiff and the method of Plaintiff's pay.  Defendants also produced detailed employment records contradicting much of Plaintiff's allegations. As such, Plaintiff believes the settlement is reasonable because of the risk that he may not prevail on all of his claims.

### 3.  <u>Plaintiff's Attorneys' Fees are Fair and Reasonable</u>

Under the settlement, and in accordance with their retainer agreement with the Plaintiff, Plaintiff's counsel will receive $4,000.00 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation, as well as a reduction in fees from what is identified in Plaintiff's retainer agreement, which provide that forty percent of Plaintiff's recovery will be retained by the firm.

While the amount Plaintiff's counsel will receive is slightly more than their lodestar of $3,825[1], it is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit.  *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Additionally, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

Given Plaintiff's counsel's significant experience representing Plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

> i.      My work is billed at the rate of $450 per hour, which is my standard billing rate for matters paid on an hourly basis.  I am the Managing Member of Michael Faillace & Associates, P.C, and have been in practice since 1983.  From 1983 to 2000, I

---

[1] Plaintiff's counsel's billing record is annexed as "Exhibit C."

Page 3

was in-house Employment Counsel with International Business Machines Corporation (IBM). I taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and am a nationally-renowned speaker and writer on employment law. I am also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

      ii.     Jesse Barton is an associate at Michael Faillace & Associates, P.C., and is billed at the rate of $375 per hour. This is his standard rate for matters on which he is paid at an hourly rate. He graduated from Fordham Law School in 2012. Following law school, he practiced as an associate with the law firm of Virginia & Ambinder, LLP, cultivating a background in labor and employment law, with a focus on ERISA litigation. He joined the firm of Michael Faillace & Associates, P.C in January 2015, and was named a Rising Star by the Super Lawyers organization in 2016.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

Respectfully submitted,

/s/Michael Faillace
Michael Faillace
MICHAEL FAILLACE & ASSOCIATES, P.C.
Attorneys for the Plaintiffs

Encls.

Cc: Defendants' counsel (Via ECF)